UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JOSEPH MALDANADO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:25-cv-454 |
| | ) |
| PROFESSIONAL ANIMAL | ) |
| RETIREMENT CENTER (PARC) a/k/a | ) |
| BLACK PINE ANIMAL SANCTUARY, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S MOTION TO RECONSIDER ORDER
GRANTING PLAINTIFF LEAVE TO FILE SURREPLY BRIEF**

Defendant, Professional Animal Retirement Center a/k/a Black Pine Animal Sanctuary ("Black Pine"), by counsel, respectfully requests that the Court reconsider and vacate its November 26, 2025 Order granting Plaintiff leave to file a surreply brief, and deny Plaintiff's motion.

"[A] motion to reconsider an interlocutory order may be entertained and granted as justice requires." *Akzo Coatings, Inc. v. Aigner Corp.*, 909 F. Supp. 1154, 1160, 1995 WL 736334 (N.D. Ind. 1995).

> Motions to reconsider serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence. Reconsideration of an interlocutory order may be granted where the court has misunderstood a party; the court has made a decision outside the adversarial issues presented to the court by the parties; the court has made an error of apprehension (not of reasoning); a significant change in the law has occurred; or significant new facts have been discovered.

*State Farm Fire & Cas. Co. v. Nokes*, 263 F.R.D. 518, 526, 2009 WL 3245203 (N.D. Ind. 2009)

(internal citations and quotations omitted).

1

25269086.v1

The November 26, 2025 Order should be vacated due to a manifest error of fact, stemming from an error of apprehension based on a misunderstanding of Plaintiff's assertions in his Motion to File Surreply. (ECF 19).

**A. Maldonado should not be permitted a surreply for further argument on cases relied upon by Maldonado in his response brief.**

Maldonado asserts that Black Pine's reply brief "introduces new cases." (ECF 19 at 2). This assertion creates the impression that Black Pine cited cases in its reply brief that had not been cited in prior briefing on the motion to dismiss. That impression is false. One hundred percent of the cases cited by Black Pine in its reply brief were used by Maldonado in his response brief.

Maldonado championed each of the following cases in his response brief to advance his argument that he has standing:

- *Hill v. Coggins*, 867 F.3d 499 (4th Cir. 2017) (ECF 17 at 2, 18, 23);

- *Mountain States Legal Found. v. Glickman*, 92 F.3d 1228 (D.C. Cir. 1996) (ECF 17 at 13);

- *WildEarth Guardians v. U.S. Bureau of Land Mgmt.*, 870 F.3d 1222 (10th Cir. 2017) (ECF 17 at 15);

- *Am. Soc'y for Prevention of Cruelty to Animals v. Ringling Bros. & Barnum & Bailey Circus*, 317 F.3d 334 (D.C. Cir. 2003) (ECF 17 at 15);

- *Japan Whaling Ass'n v. Am. Cetacean Soc.*, 478 U.S. 221 (1986) (ECF 17 at 13, 19);

- *Strahan v. Coxe*, 939 F. Supp. 963 (D. Mass. 1996), aff'd in part, 127 F.3d 155 (1st Cir. 1997) (ECF 17 at 16);

- *People for the Ethical Treatment of Animals, Inc. v. Tri-State Zoological Park of W. Maryland, Inc.*, 843 F. App'x 493 (4th Cir. 2021) (ECF 17 at 2, 15, 16, 18, 19, 23);

- *People for the Ethical Treatment of Animals, Inc. v. Miami Seaquarium*, 879 F.3d 1142 (11th Cir. 2018) (ECF 17 at 14);

25269086.v1

- *Fed. Election Comm'n v. Akins*, 524 U.S. 11 (1998) (ECF 17 at 15);

- *Def. of Animals v. Nat'l Insts. of Health*, 543 F. Supp. 2d 70 (D.D.C. 2008) (ECF 17 at 15).[1]

Maldonado selected the above cases to advance his arguments on standing in his response brief. In its reply brief, Black Pine cited the above cases to argue that the Court should reject Maldonado's standing arguments and accept Black Pine's standing arguments. Such is the nature of a reply brief.

> A reply necessarily raises facts and issues, for the first time, that are germane to the opposition. If the evidence and argument included with a motion were required to anticipate the arguments a respondent might raise in opposition to the motion, the court would not permit the movant to file a reply to any opposition.

*Martinez v. Palmer*, 2022 WL 1091456, at *3 (D. Idaho Apr. 12, 2022) (quotation omitted).

Maldonado then asked for a surreply brief to further address those same cases. If, as Maldonado requests, a non-movant should be allowed to provide further argument on cases found in the non-movant's response brief, then surreplies would be the rule rather than the exception.

Specifically, Maldonado asserts that the reply brief raises the "novel" argument that "ESA 'aesthetic' standing supposedly requires not only past personal observation of the particular animals at issue but also an expressed intent to visit those same animals in the future." (ECF 19 at 3). However, Black Pine's opening brief argued that

> Maldonado fails to articulate an actual or imminent injury that confers standing. He does not allege that he has ever visited Black Pine to witness how the Big Cats are treated. Most notably, he does not allege any intention to visit the Big Cats at Black Pine in the future…. Having never been exposed to the Big Cats during their

---

[1] Black Pine's reply also cited *Bennett v. Spear*, 520 U.S. 154 (1997), which Maldonado introduced in his response brief. (ECF 17 at 2, 14).

3

25269086.v1

residency at Black Pine and having no intention to visit them in the future, Maldonado himself has suffered no legally cognizable injury.

(ECF 12 at 4). It was Maldonado who argued in his response brief that various forms of "concrete aesthetic, emotional, scientific, or professional harm" were sufficient for standing. In its reply, Black Pine distinguished the authorities on which Maldonado based his arguments.

Maldonado states that Black Pine asserted for the first time that "Plaintiff's ongoing injuries tied to his conservation and breeding program, professional interests, and emotional attachment to the Big Cats cannot support ESA standing because … those harms are either too "generalized" or not fairly traceable to PARC." (ECF 19 at 3). To the contrary, Black Pine's opening brief argued that Maldonado's alleged generalized injuries were insufficient:

> Standing is not conferred based solely on a person's interest—whether personal or professional—in studying or seeing endangered animals. Such a theory is "beyond all reason…." Maldonado's asserted injury is too speculative to qualify as an actual or imminent injury, and Maldonado therefore lacks Article III standing…. [S]uch vague intentions are insufficient to demonstrate an actual or imminent injury.

(ECF 12 at 4-6).

Maldonado asserts that a new theory in the reply brief is that "ESA citizen suits do not encompass professional, research, or informational injuries, which Defendant attempts to recast through cases addressing entirely different statutory schemes and disclosure provisions." (ECF 19 at 3-4). However, it was Maldonado who argued in his response brief that he suffered professional, research, or informational injuries, relying on the catalogue of cases set forth above. In its reply, Black Pine argued that those cases do not support Maldonado's standing. It is not novel or exceptional that this dynamic exists between adverse parties in a lawsuit. Indeed, the most salient assertion in Maldonado's Motion to File Surreply is that Black Pine's reply "directly attack[s] Plaintiff's sworn declaration and standing authorities." (ECF 19 at 4). Of course it does. *See*

25269086.v1

A surreply should not be used for rehashing arguments that could have been made in the original response to a motion. *Polycon Indus., Inc. v. R&B Plastics Mach., LLC*, 2025 WL 440299, at *2 (N.D. Ind. Feb. 10, 2025). Because Maldonado chose each of the cases in his response brief, he was free to craft arguments based on those cases. He should not be allowed a surreply to present further argument on those same cases.

### B. Maldonado should not be afforded a surreply to inject additional evidence that was plainly available to him at the time of his response brief.

Maldonado complains of a new theory in the reply brief that Maldonado's alleged injuries are "not fairly traceable to PARC." (ECF 19 at 3). This new argument arose directly from Maldonado's declaration submitted with his response brief, which included information about the federal government's seizure of the Big Cats that was not in the Complaint. (ECF 17-1 at 3). This information was not contained in Maldonado's Complaint, and thus Black Pine had nothing to say about the federal seizure in its opening brief.[2] Maldonado opened the door by his response.

Because Black Pine makes a facial challenge to Maldonado's standing, the Court should simply ignore Maldonado's declaration, including the circumstance of a federal seizure of the Big Cats, as well as any argument arising therefrom, relying instead on the allegations in the Complaint and any judicially noticed facts. *See Florance v. Barnett*, 2023 WL 1815946, at *2 (N.D. Ind. Feb. 8, 2023), *aff'd*, 2023 WL 7017085 (7th Cir. Oct. 25, 2023). A surreply is an improper vehicle for Maldonado to submit additional "evidence" in the form of a 4-page

---

[2] Nevertheless, Black Pine argued in its opening brief that "[w]ithout ownership rights, Maldonado has no right to make breeding choices for the Big Cats or otherwise influence their genetics or bloodline." (ECF 12 at 7). Maldonado should not be surprised that Black Pine reiterated this argument in its reply brief.

5

25269086.v1

supplemental declaration containing information which was clearly at his disposal at the time of his response brief.

### C. Maldonado should not be permitted additional pages of briefing to explain why his existing briefing exceeds page limits imposed by the Local Rules.

Maldonado attempts to justify a surreply because Black Pine's opening brief did not object to the length of Maldonado's response brief. (ECF 19 at 5). Accepting this reasoning "indeed would be boarding the bus to topsy-turvy land," where a moving party has seen the other side's response before the moving party files its opening brief. *See Martin v. Richey*, 711 N.E.2d 1273, 1284 (Ind. 1999). This illogical assertion should not support a surreply brief, and it is a manifest error of law to accept this rationale in allowing a surreply brief.

Moreover, Maldonado had an opportunity to request leave of Court to exceed the page limit before filing his response brief, and he did not do so. *See* Local Rule 7-1(e)(2). Granting Maldonado an additional brief to explain why his previous brief exceeded a page limit does not comport with the framework established by the Local Rules.

### D. Black Pine's reply brief makes no new arguments on service of process.

Maldonado represents to this Court that the reply "raises new arguments concerning service and Rule 12(b)(5)." This representation is untenable. By way of reminder, the *entirety* of Black Pine's reply brief concerning service and Rule 12(b)(5) reads as follows:

> Maldonado makes no discernible effort to distinguish the authority relied upon by Black Pine in support of its Motion to Dismiss. Black Pine need not repeat those arguments here. Maldonado's reliance on *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998) is inexplicable because the Court of Appeals in that case affirmed a dismissal based on Rule 12(b)(5).

Maldonado repeatedly cites *Troxell* in his response brief and cries foul when Black Pine devotes a single sentence to that case in the reply brief. (ECF 17 at 4, 16, 32, 35). Additional briefing is unwarranted here.

6

25269086.v1

**E. Conclusion.**

The Court should reconsider and vacate its November 26, 2025 Order, and deny Plaintiff's Motion to File Surreply.

Respectfully submitted,

*/s/ Bradley D. Hasler*
Bradley D. Hasler, #22384-49
Dentons Bingham Greenebaum LLP
2700 Market Tower
10 West Market Street
Indianapolis, Indiana 46204
Telephone:   (317) 686-5240
Facsimile:   (317) 236-9907
Email: bradley.hasler@dentons.com

*Attorney for Defendant, Professional Animal Retirement Center (PARC) a/k/a Black Pine Animal Sanctuary*

25269086.v1