**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | |
|---|---|
| JOSEPH MALDONADO, | |
| Plaintiff, | |
| v. | CASE NO. 1:25-CV-454-HAB-ALT |
| PROFESSIONAL ANIMAL RETIREMENT CENTER, | |
| Defendant. | |

## <u>SHOW CAUSE ORDER</u>

This case is currently before the Court on Defendant Professional Animal Retirement Center's ("PARC") Motion to Dismiss, filed on October 24, 2025. (ECF No. 11). In that Motion, PARC contends, among other arguments, that Plaintiff Joseph Maldonado does not have Article III standing to pursue his claims under the citizen-suit provision of the Endangered Species Act ("ESA"), 16 U.S.C. § 1540(g). Maldonado filed his response on November 14, 2025, in which he states several allegedly court-recognized forms of ESA standing and provides extensive policy and legislative history arguments with little to no legal citations. (ECF No. 17). In its Reply, PARC carefully pointed out that the cases on which Maldonado relies simply do not support what he alleges they hold and oftentimes are wholly unrelated to the ESA or standing at all. (ECF No. 18).

As the Court has conducted its own research, it has noticed a concerning trend of inaccuracies and misleading characterizations of law. First, in Maldonado's Complaint, he anticipates an Article III standing challenge—no doubt in response to this Court's reference to its doubts as to his standing in a prior Order for the previous iteration of this case, *see Maldonado v. Professional Animal Retirement Center (PARC) a/k/a Black Pines Animal Sanctuary*, No. 1:25-cv-239, 2025 WL 1474499 (N.D. Ind. May 22, 2025)—by citing to *Animal Legal Def. Fund v.*

*Special Memories Zoo*, No. 20-CV-42, 2022 WL 18024657 (E.D. Wis. Dec. 30, 2022), for his proposition that "[c]ourts have recognized standing in similar ESA citizen-suit cases where plaintiffs have a personal or professional stake in the animals' well-being." (ECF No. 1 at 3). The Court searched for that case with that citation, but the case number leads to an unrelated debt case and the Westlaw identifier returns no result at all. And while a case with that name exists with a different case number, there is no order for that date and no order that makes any reference to standing beyond the fact that the defendants never challenged or even brought up the Plaintiff's standing. *See Animal Legal Def. Fund v. Special Memories Zoo*, 42 F.4th 700, 705 (7th Cir. 2022). This is not Maldonado's only instance of woefully incorrect citations; twice more he includes—and then thrice repeats—cases that technically exist but cannot be found at his provided citation, have no order on his cited date, and apparently do not support what he represents to the Court.[1]

Unfortunately, the misrepresentations don't stop there. In response to the motion to dismiss, Maldonado's brief—an extensive affair which at times reads more like a legal treatise on the ESA as opposed to a legal brief—includes a list of supposedly valid "ESA injuries" supported by citation to federal case law. While the Court was able to locate each of the cases he references, it is nevertheless concerned that many of these cases do not support his propositions. For instance, he cites *In Defense of Animals v. National Institutes of Health*, 543 F. Supp. 70 (D.D.C. 2008), for his assertion that "Loss of scientific data, interruption of research, or inability to continue long-term animal studies constitutes injury-in-fact" and that "[c]ourts emphasize that scientific frustration is a valid injury even without direct physical access." (ECF No. 17 at 15). But not only

---

[1] *See* ECF No. 1 at 2, 6, 15 (citing "*People for the Ethical Treatment of Animals, Inc. v. Wildlife in Need and Wildlife in Deed, Inc.*, 471 F. Supp. 3d 745 (S.D. Ind. 2020)," a citation the search of which yields a criminal matter out of the Western District of Virginia); *id.* at 2, 10, 11, 12 (citing "*People for the Ethical Treatment of Animals, Inc. v. Tri-State Zoological Park of W. Md., Inc.*, No. 1:17-cv-02148, 2020 WL 1166180 (D. Md. Mar. 10, 2020)" which returns an employment case in the Southern District of New York).

is *In Defense of Animals* a Freedom of Information Act case with no reference or connection to the ESA, the opinion does not mention standing, scientific injuries, or *anything* that would support Maldonado's proposition. He similarly references Federal Election Commission and National Environmental Policy Act cases for his claim that "[w]here a statute entitles individuals to information necessary for scientific or conservation work, denial of that information is a recognized injury." (ECF No. 17 at 15 (citing *FEC v. Akins*, 524 U.S. 11, 21 (1998) and *WildEarth Guardians v. U.S. Bureau of Land Mgmt.*, 770 F.3d 1222, 1230 (10th Cir. 2017))). While these cases at least discuss Article III standing, they are likewise unrelated to the ESA, in no way reference "information necessary for scientific work," and do not support his argument that "ESA plaintiffs invoking data, research, or observational interests satisfy this requirement." (ECF No. 17 at 15).

Worse still, even the assertions citing ESA caselaw contain concerningly inaccurate descriptions of the law. *American Society for the Prevention of Cruelty to Animals v. Ringling Bros.*, 317 F.3d 334 (D.C. Cir. 2003), does not conclude that "Conservation and scientific professionals have standing when mistreatment of animals disrupts their work." (ECF No. 17 at 15). There, a former circus worker and elephant handler sued his recent employer for the mistreatment of the elephants, and the appellate court specifically found that the plaintiff's claim "that he wanted to work with the elephants again" was far too speculative to constitute an injury-in-fact. *Ringling Bros.*, 317 F.3d at 336. Instead, the court read his allegations to "fit within decisions of this court and the Supreme Court recognizing that harm to one's *aesthetic interests* in viewing animals may be a sufficient injury in fact"—without any mention of disrupted work or conservation or scientific professionals (of which a circus elephant handler certainly was not one).

*Id.* And while other ESA cases might support his contention about standing for emotional injuries, the case he chose was explicitly not among them.[2]

While these cases and citations were not fully fabricated, as is often the story, the inaccuracies and misrepresentations nevertheless bear much resemblance to other instances in which pro se litigants or attorneys have relied on generative AI to produce their filings, in part or in full. *See, e.g., Jones v. Kankakee Cnty. Sherriff's Dep't*, 164 F.4th 967, 969 (7th Cir. 2026) ("To our eye, the error has all the hallmarks of a so-called AI "hallucination," a circumstance where an AI large language model generates an output that is fictional, inaccurate, or nonsensical."). Although these aren't quite the typical hallmarks of AI hallucination, the legal misrepresentations, nonexistent citations, and length policy sections altogether are too fishy for the Court to believe. There is something rotten in the Northern District of Indiana, and it's not the fish being fed to Maldonado's former tigers.

But even if Maldonado's counsel did not use AI for his filings, the Court is deeply concerned by these blatant misrepresentations of law. Rule 11(b) of the Federal Rules of Civil Procedure requires attorneys and pro se litigants to make faithful representations of law and fact in their court filings. Fed. R. Civ. P. 11(b). Failure to adhere to these rules may result in sanctions. Fed. R. Civ. P. 11(c)(1). Similarly, the District Court for the Northen District of Indiana holds attorneys to the ethical obligations set forth in the Indiana Rules of Professional Conduct and the Seventh Circuit Standards of Professional Conduct, Local R. 83-5(e), both of which heavily

---

[2] Maldonado cites *PETA v. Tri-State Zoological Park of W. Md., Inc.*, 843 Fed. App'x 493 (4th Cir. 2021), for his claim that "Emotional harm resulting from abuse or mistreatment of identifiable animals is a concrete injury." (ECF No. 17 at 15). But as PARC correctly points out, the Fourth Circuit explicitly observed that "no individual person-plaintiffs alleged or proved an aesthetic injury," and PETA had organizational standing only because the evidence showed the Park's conduct disrupted the organization's ability to carry out its mission. 843 Fed. App'x at 496–97. The single reference to an "emotional" injury is quickly thrown out by the court, which says that argument "misses the point." *Id.*

emphasize an attorney's duty of candor to the court—a duty called into question by these kinds of mischaracterizations of law. *See Kalter v. Keyfactor, Inc.*, No. 21-cv-1707, 2022 WL 16752977, at *3 (S.D. Cal. Nov. 7, 2022) ("'Overzealous advocacy' is one thing, but it is entirely another to mischaracterize the holding of a case. Counsel has 'a duty to verify that its citations to legal authority are accurate,' and '[f]ailure to do so not only constitutes ineffective advocacy, but also implicates counsel's reputation and duty of candor to the Court.").

Therefore, Maldonado's counsel is ORDERED to show good cause, if there be any, for these inaccuracies and misrepresentations, as well as why he should not be sanctioned under Federal Rule of Civil Procedure 11, the court's inherent authority, Local Rule 83-6.2(d), and/or Indiana Rule of Professional Conduct 3.3 for making false statements of fact or law to the Court. Counsel should file his explanation no later than March 27, 2026.

**SO ORDERED** this 27th day of February 2026.

s/Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT