**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| JOSEPH MALDANADO,<br><br>Plaintiff,<br><br>v.<br><br>PROFESSIONAL ANIMAL RETIREMENT CENTER (PARC) a/k/a BLACK PINE ANIMAL SANCTUARY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:25-cv-454-HAB-ALT |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE MATERIAL FROM THE RECORD ON APPEAL**

Defendant, Professional Animal Retirement Center a/k/a Black Pine Animal Sanctuary ("Black Pine"), by counsel, submits this Reply in Support of its Motion to Strike Material from the Record on Appeal.

**EXHIBITS 1 & 2**

Plaintiff, Joseph Maldonado ("Maldonado"), makes no argument that Exhibits 1 and 2 submitted as part of his Separate Appendix in the United States Court of Appeals for the Seventh Circuit (Doc. 20, Case No. 26-1896, pp. 128-131) fall within the scope of the record on appeal. *See* Fed. R. App. P. 10(a).

For material that is admittedly not part of the record on appeal, Maldonado must seek leave from the Court of Appeals—not this Court—to include such material. *See United States v. Miller*, 832 F.3d 703, 704 (7th Cir. 2016).

**EXHIBIT 3**

Maldonado's "first complaint" was not filed in this Case No. 1:25-cv-454-HAB-ALT, and the "first complaint" was not at issue in this action. Maldonado presents no authority for the

proposition that an appellant from a final judgment can reach into the docket of any action filed in the same district and retrieve material to designate as part of the record on appeal. The undersigned counsel cannot locate a reproduction of Exhibit 3 (App. 132-134) in the exhibits to Maldonado's complaint filed in this Case No. 1:25-cv-454-HAB-ALT, or elsewhere in this action. Exhibit 3 is not part of the record on appeal. *See* Fed. R. App. P. 10(a).

**EXHIBIT 4**

Evidently, Maldonado chose not to submit a duplicate copy of ECF No. 1-7 as part of his Separate Appendix. Upon further inspection, Exhibit 4 (App. 135-137) appears to reformat and extract certain text and images found in ECF No. 1-7. Nevertheless, Exhibit 4 is not part of the record on appeal because it is clearly not one of the "original papers and exhibits" filed in this Court. Fed. R. App. P. 10(a)(1). In any event, Black Pine acknowledges that it is not prejudiced by Exhibit 4, because Maldonado could have elected to include ECF No. 1-7 in his Separate Appendix as part of the record on appeal.

**EXHIBIT 5**

The undersigned counsel has been unable to locate Exhibit 5 (App. 138-139), either as an exhibit to Maldonado's complaint or elsewhere on the docket if this action. It is not part of the record on appeal. *See* Fed. R. App. P. 10(a). Any request by Maldonado for judicial notice should be made to the Court of Appeals.

**EXHIBIT 6**

Maldonado makes no argument that Exhibit 6 (App. 140-141) falls within the scope of the record on appeal. *See* Fed. R. App. P. 10(a). Thus, he needs to seek leave from the Court of Appeals for its inclusion. *See* *Miller*, 832 F.3d at 704.

Maldonado commenced this action based on his relationship with several "Big Cats" named Prince, Ima, Elvis and Patronus (ECF No. 1 at 1). Prince, Elvis and Patronus are alive and residing at Black Pine. Because Maldonado's argument regarding Article III standing applied without distinction among the Big Cats, the continued existence of Prince, Elvis and Patronus leave intact all of Maldonado's arguments pertaining to standing.

Plainly, Ima was not party to this action.

Maldonado sought no temporary restraining order or preliminary injunction to compel Black Pine to alter the standard of care it provides to its resident animals. The Court did not enter any order obligating Black Pine to alter the standard of care being provided to the Big Cats, or obligating Black Pine to disclose the condition of the Big Cats. Thus, the Court should not be persuaded by Maldonado's accusation of unclean hands.

**CONCLUSION**

For the foregoing reasons, pursuant to Circuit Rule 10(b), this Court should strike Exhibits 1 through 6 contained in Appellant's Separate Appendix at 128-141.

Respectfully submitted,

***/s/ Bradley D. Hasler***

Bradley D. Hasler, #22384-49
Dentons Bingham Greenebaum LLP
2700 Market Tower
10 West Market Street
Indianapolis, Indiana 46204
Telephone: (317) 686-5240
Facsimile: (317) 236-9907
Email: bradley.hasler@dentons.com

*Attorney for Defendant, Professional Animal Retirement Center (PARC) a/k/a Black Pine Animal Sanctuary*