# EXHIBIT 1

---

## ARTIFICIAL-INTELLIGENCE SEARCH RESULT — COPILOT

Screenshot result of a search of the artificial-intelligence tool "Copilot" on August 21, 2026, showing that Copilot misstates the holding of American Society for the Prevention of Cruelty to Animals v. Ringling Bros., 317 F.3d 334 (D.C. Cir. 2003).

4. American Society for the Prevention of Cruelty to Animals v. Ringling Bros., 317 F.3d 334 (D.C. Cir. 2003

- The **U.S. District Court for the District of Columbia** dismissed the complaint, ruling that the plaintiffs **lacked Article III standing**, despite the ESA's citizen-suit provision allowing "any person" to sue hallapproved.com .
- The plaintiffs appealed to the **D.C. Circuit Court of Appeals**.

## Legal Issue

The central question was whether **plaintiffs had standing under Article III**, which requires:

1. **Concrete and particularized injury**
2. **Causation** (injury fairly traceable to the defendant)
3. **Redressability** (injury likely to be remedied by a favorable court decision)
   The ESA's citizen-suit provision **eliminates prudential standing requirements**, but Article III standing must still be satisfied hallapproved.com .

## Court's Analysis and Holding

- The D.C. Circuit focused on **Thomas Rider**, as he presented the strongest case for standing Justia +1 .
- The court concluded that **Rider's past exposure to mistreatment did not constitute a present or imminent injury**. His desire to work with the elephants again was **speculative**, and his emotional distress from past events was insufficient to establish standing hallapproved.com .
- Consequently, the court **affirmed the dismissal**, holding that **neither Rider nor the organizational plaintiffs had Article III standing** to pursue the ESA claims Justia +1 .