**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| JOSEPH MALDONADO,<br><br>Plaintiff,<br><br>v.<br><br>PROFESSIONAL ANIMAL RETIREMENT CENTER,<br><br>Defendant. | CASE NO. 1:25-CV-454-HAB-ALT |

**OPINION AND ORDER**

Before the Court is Defendant Professional Animal Retirement Center's ("PARC") Motion to Strike Material from the Record on Appeal (ECF No. 33) in which PARC asks for six exhibits in Plaintiff Joseph Maldonado's ("Maldonado") appellate materials to be stricken because those materials were never before this Court. Maldonado opposes the motion, and this matter has been fully briefed. (ECF Nos. 34, 36, 37). For the reasons discussed below, this motion will be denied.

Maldonado filed his Complaint in this case on August 29, 2025, alleging that PARC has violated the Endangered Species Act. (ECF No. 1). PARC moved to dismiss the Complaint for lack of Article III standing (ECF No. 11), which the Court granted on April 1, 2026 (ECF No. 26). Maldonado filed his Notice of Appeal on April 23, 2026. (ECF No. 29).

Where, as here, an appeal is taken from a judgment that determines the entire action, the filing of a notice of appeal divests the district court of the power to take any further action in the proceeding "except in aid of the appeal, to correct clerical mistakes under Fed. R. Civ. P. 60(a), or in aid of execution of a judgment that has not been stayed or superseded." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1240 (7th Cir. 1986). Under Rule 10(e) of the Rules of Appellate Procedure, a party can move to correct or modify the record on appeal. Fed. R. App. P. 10(e). Such

motions should first be presented to the district court. *See id.*; Seventh Circuit Rule 10(b) (providing that motions to correct or modify the record pursuant to Rule 10(e) of the Rules of Appellate Procedure or a motion to strike matter from the record on appeal should be presented first to the district court); *see also, e.g.*, *Zimmerman v. Chi. Bd. of Trade*, 360 F.3d 612, 622 (7th Cir. 2004) (a motion to strike matters from the record on appeal must first be presented to the district court).

PARC asks the Court to strike six exhibits that Maldonado included in his appendix filed with the Seventh Circuit Court of Appeals, claiming those exhibits were never filed before the district court and are thus not properly part of the record on appeal. Exhibits 1 and 2 are screenshotted searches of AI tools dated August 21, 2026; Exhibit 3 is a purported PARC social media post; Exhibit 4 is a purported PARC fundraising page concerning the tiger Patronus; Exhibit 5 is a similar fundraising page concerning the tiger Elvis; and Exhibit 6 is a purported PARC statement regarding the death of tiger Ima.[1] *See* ECF No. 37. In response, Maldonado argues (a) Exhibits 1 and 2 are "interpretive aids for the Court of Appeals" and thus not supplemental facts or evidence; (b) Exhibit 3 was part of the "original" complaint before this Court, in Maldonado's original case stating this claim;[2] (c) Exhibits 4 and 5 were attached to the complaint in this case as Exhibits 6 and 7; and (d) Exhibit 6 was admittedly not before the district court but falls into an exception under *Orthman v. Apple River Campground, Inc.*, 757 F.2d 909 (7th Cir. 1985). (ECF No. 36).

---

[1] Though PARC referenced the six exhibits in its motion and brief (ECF Nos. 33, 34), these exhibits were not presented to this Court until PARC's Reply (ECF No. 37).

[2] *See Maldonado v. Professional Animal Retirement Ctr. a/k/a/ Black Pine Animal Sanctuary*, No. 1:25-cv-239, 2025 WL 1474499 (N.D. Ind. May 22, 2025).

To the extent PARC is asking the Court to confirm that those exhibits were not before it when deciding on PARC's Rule 12 motion to dismiss, the Court can confirm such for all but Exhibit 4, which was attached as Exhibits 6 and 7 for Maldonado's Complaint in this case. *See* ECF No. 1-8 and 1-9.[3] As to PARC's request to strike those exhibits from the record on appeal, this Court does not have that power. Rule 10(e) and Seventh Circuit Rule 10(b) allow the district court to correct and modify *the record*. The record on appeal is composed of "(1) the original papers and exhibits filed in the district court; (2) the transcript of proceedings, if any; and (3) a certified copy of the docket entries prepared by the district clerk." Fed. R. App. P. 10(a). Because the Court confirms that these exhibits were *not* a part of the record, there is nothing for the Court to "correct or modify" under Rule 10. Simply put, the Court cannot see how it has the authority to "strike" anything from Maldonado's exhibits presented in his own briefing, as those are not part of the *record* on appeal.

The cases cited by PARC—*Zimmerman*, 360 F.3d at 622, and *Stewart v. Colvin*, 2016 WL 6126912, at *2 (C.D. Ill. Oct. 18, 2016), *aff'd sub nom. Stewart v. Berryhill*, 731 F. App'x 509 (7th Cir. 2018)—are not on point here. In *Zimmerman*, the appellants "moved to strike sixteen exhibits from the appellees' brief *and from the record on appeal*," arguing one exhibit was ruled inadmissible and the others were never "formally" moved into evidence. 360 F.3d at 622 (emphasis added). The Seventh Circuit declined to dive into whether the exhibits were *technically* admitted, however, "since the relevant content of each exhibit was read into the record and discussed extensively at trial," and the analysis rested solely on record testimony regarding each exhibit, not on the exhibit itself. *Id.* at 622–23. There, the exhibits were already a part of the record, meaning

[3] For Exhibits 1, 2, 3, and 6, Maldonado's response concedes that these materials were not before this Court in *this* case and are thus not a part of the record. As PARC points out in its Reply, Exhibit 5 does not appear as an exhibit to Maldonado's Complaint here, and the Court has been unable otherwise to locate that exhibit in the docket.

the district court had some authority under Rule 10 to make a modification or correction to that record. *Stewart* is even less applicable. There, the court was dealing with the plaintiff's motion to supplement the record on appeal because the plaintiff claimed those documents "were entered into evidence in the district court and/or are relevant to the subject of the appeal." *Stewart*, 2016 WL 6126912, at *1. Maldonado has made no proper motion to supplement the record, so *Stewart* is inapt.

Thus, while the Court can confirm that Exhibits 1, 2, 3, 5, and 6 were not in the materials before it when deciding PARC's Rule 12 motion, the Court is otherwise unable to grant PARC's current request to strike those exhibits from the appellate materials. For this reason, PARC's Motion to Strike Material from the Record on Appeal (ECF No. 33) is DENIED.

**SO ORDERED** this 9th day of November 2026.

s/Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

Cc: Seventh Circuit Court of Appeals
Cause No. 26-1896